IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST R. GRANDBERRY,

    Petitioner,                    No. CIV S-06-0628 MCE GGH P

    vs.

R. CASTRO, et al.,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed March 24, 2006. Petitioner challenges his 1987 conviction for assault on prison staff. Pending before the court is respondent's May 8, 2006, motion to dismiss on grounds that the petition is barred by the statute of limitations. After carefully reviewing the record, the court recommends that respondent's motion be granted.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

\\\\\

1

1         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

3         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

5

6         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

7

8         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

9

10         Petitioner did not appeal his 1987 conviction. Clearly, the instant action was filed

11 more than one year after petitioner's conviction became final, and more than one year after

12 AEDPA's effective date (April 24, 1996).

13         In opposition to the pending motion, petitioner argues that the sentencing court

14 and Folsom Prison officials refused to give him records he needed to raise the claim brought in

15 the instant petition. Petitioner claims that he did not receive these records until July/August

16 2004. Petitioner argues that because the state created impediment to his filing of the petition was

17 not removed until July/August 2004, the limitations period should run from that date rather than

18 from when the conviction became final. See 28 U.S.C. § 2254(d)(1)(B).

19         In support of his claim that the state court prohibited him from receiving the

20 records necessary to file a timely petition, petitioner cites his sentencing transcript attached to the

21 petition as exhibit A. The sentencing transcript indicates that petitioner pled guilty. Petition,

22 Exhibit A, p. 3. At this hearing, petitioner asked the court to grant him "pro per status" so that he

23 could gain access to certain legal materials at Folsom Prison. Id. Petitioner stated that he wanted

24 to appeal the denial of his motion to withdraw his plea. Id., p. 4. The court denied petitioner's

25 motion for the "records" of his case. Id., p. 9. In his declaration attached to the petition,

26 petitioner also states that officials at Folsom Prison possessed the relevant records and repeatedly

denied his requests for access to these records until 2004. Petition, Exhibit D.

While petitioner claims that the denial of the records regarding his conviction prevented him from filing a timely federal petition, it does not appear that petitioner required these records in order to raise the one claim raised in this petition: petitioner was denied his right to counsel at arraignment and sentencing. Petitioner did not need these records to raise this claim as he knew that he was denied counsel at these proceedings.

Moreover, petitioner's claim that Folsom Prison officials and the sentencing court denied him access to the records he needed to file his petition is not well supported. The only records submitted by petitioner in support of the petition are the transcript from the sentencing hearing, the judgment and the abstract of judgment. Officials at Folsom Prison would not have had these documents in their possession. Rather, the court presumes that Folsom Prison officials would have possessed documents relevant to the underlying offense of assault on prison staff. The transcript and judgment would have been in the trial court's possession. While the sentencing court denied petitioner's motion for "records," this ruling could not have encompassed the documents submitted in support of the instant petition as the transcript from the sentencing hearing and the judgment were not even in existence yet. For these reasons, the court finds that petitioner's claim that Folsom Prison staff and the sentencing court denied him access to the relevant records is not well supported. Accordingly, the court does not find that a state created impediment prevented petitioner from filing a timely petition. Therefore, the limitations period runs from the date on which the conviction became final. Under these circumstances, the petition is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Petitioner filed his first state habeas petition in Sacramento Superior Court on December 2, 2004. Because this petition was filed more than one year after petitioner's conviction became final, he is not

1 entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2). Jimenez v. Rice, 276 F.3d 478, 482 (9th
2 Cir. 2001) (once the statute has run, a collateral action cannot revive it).

3         In his opposition, petitioner argues that he is entitled to equitable tolling. A
4 habeas petitioner bears the burden of proving that equitable tolling should apply to avoid
5 dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).
6 Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's control
7 make it impossible to file a petition on time." Id. (internal quotation omitted).

8         Petitioner argues that he is entitled to equitable tolling because he was denied
9 access to the records in his criminal case until 2004. As discussed above, petitioner did not need
10 these records to file a timely federal petition. In addition, petitioner has not demonstrated that he
11 was actually denied access to the records submitted in support of the petition. As discussed
12 above, petitioner's claim that Folsom Prison officials and the sentencing court denied him access
13 to the reporter's transcript, judgment and abstract of judgment is not well supported. For these
14 reasons, petitioner is not entitled to equitable tolling.

15         In his opposition petitioner also argues that sections of the Anti-Terrorism and
16 Effective Death Penalty Act (AEDPA) are unconstitutional in that they violate the separation of
17 powers doctrine. Petitioner cites Irons v. Carey, 408 F.3d 1165 (9th Cir. 2005), where the Ninth
18 Circuit ordered the parties to brief whether the standards set forth in 28 U.S.C. § 2254(d)(1)
19 violate the separation of powers doctrine. Section 2254(d)(1) sets forth the standards by which
20 federal courts review state court proceedings. Petitioner also cites 28 U.S.C. § 2254 (e)(1) and
21 (2) which set forth the standards for evaluating state court factual determinations as well as the
22 standard by which federal petitioners may obtain evidentiary hearings.

23         "A party has standing to challenge the constitutionality of a statute only insofar as
24 it has an adverse impact on his own rights." County Court of Ulster County v. Allen, 442 U.S.
25 140, 154-55, 99 S. Ct. 2213 (1979). Petitioner lacks standing to challenge the sections of
26 AEDPA cited above because none of them have been applied to petitioner. Accordingly, the

4

court need not consider these arguments.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's May 8, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/13/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
grand628.157